UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JERRYKHA SMITH** | **CIV. ACTION NO. 3:23-00395** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **USA** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendant United States of America. [doc. #7]. The motion is unopposed.

For reasons assigned below, it is recommended that Defendant's motion be GRANTED.

### Background

Jerrykha Smith ("Plaintiff") filed the instant tort suit against the United States of America ("Defendant") as proper party defendant on behalf of the United States Postal Service ("Postal Service") on March 28, 2023. Complaint [doc. #1].

On March 28, 2022, Plaintiff was driving down Desiard Street in Ouachita Parish, Louisiana, when her vehicle was struck by a truck. *Id.* at p. 2. The truck was a Postal Service mail vehicle driven by Postal Service employee Billie Joe Coates. *Id.* As a result of the accident, Plaintiff suffered multiple physical injuries and suffered from mental anguish. *Id.* Plaintiff seeks damages, costs, and fees. *Id.* at p. 4.

Defendant filed the instant motion to dismiss for lack of subject-matter jurisdiction on September 28, 2023. M/Dismiss [doc. #7]. In support of the motion, Defendant argues that Plaintiff has not complied with administrative prerequisites imposed by the Federal Tort Claims

1

Act ("FTCA"), thus denying this court jurisdiction over the suit. Memorandum in Support of M/Dismiss [doc. #7-1, pp. 2-3]. Plaintiff has not filed any opposition.

Briefing is complete. Accordingly, this matter is ripe.

## Analysis

I. **Legal Standard**

The Federal Rules of Civil Procedure sanction dismissal where the presiding court lacks subject-matter jurisdiction.[1] FED. R. CIV. P. 12(b)(1). Such jurisdiction may be found lacking based upon (a) the complaint alone; (b) the complaint supplemented by undisputed facts in the record; or (c) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). As a Rule 12(b)(1) motion concerns the trial court's jurisdiction, the court is free to weigh relevant evidence and satisfy itself that it has power to hear the case. *Kling*, 60 F.4th at 284 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). If the motion is supported by a factual attack, then the plaintiff bears the burden to prove by a preponderance of the evidence that the court does indeed have subject-matter jurisdiction. *Kling*, 60 F.4th at 284. A Rule 12(b)(1) motion should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim entitling her to relief. *In re FEMA*, 668 F.3d 287.

II. **Jurisdiction Under the Federal Tort Claims Act**

The Postal Service enjoys sovereign immunity absent a waiver. *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994)

---

[1] The federal courts are courts of limited jurisdiction and cannot adjudicate claims absent a statutory conferral of jurisdiction. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").[2] One avenue for obtaining such waiver is the FTCA, which provides "the sole basis of recovery for tort claims against the United States." *In re FEMA*, 668 F.3d at 287; *see also* 28 U.S.C. §§ 1346(b), 2671. Courts determining the scope of waiver under the FTCA (or any other statute) should hew closely to the path to waiver promulgated by Congress. *See United States v. Kuberick*, 444 U.S. 111, 117-18 (1979) ("[W]e should not take it upon ourselves to extend the [FTCA's waiver of sovereign immunity] beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." (citations omitted)). Waivers of sovereign immunity are strictly construed in favor of the sovereign asserting it. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992).

The path to waiver of sovereign immunity under the FTCA is gated by preconditions. Of relevance here, a putative plaintiff must first exhaust administrative remedies with the relevant federal agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). In short, a district court does not have jurisdiction over a putative plaintiff's claim against the Postal Service until (a) the putative plaintiff has presented her claim

---

[2] The United States must consent to be sued; that consent is a prerequisite to federal jurisdiction over suits against the United States and its agencies. *In re FEMA*, 668 F.3d at 287. The Postal Service is "an independent establishment of the executive branch of the Government of the United States." 29 U.S.C. § 201.

3

to the Postal Service and (b) she has either (i) received written notice that the claim has been denied or (ii) six months elapse after presentation. As this requirement is jurisdictional and cannot be waived, a federal court does not have jurisdiction over a complaint filed in federal court before the section 2675(a) conditions have been satisfied. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993) ("The most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Here, Plaintiff's claim was received by the Postal Service on April 5, 2023. Memorandum in Support of M/Dismiss [doc. #7-1, p. 3]; *see also* Kupper Declaration [doc. #7-3, pp. 2, 4]. The instant action was filed on March 28, 2023. Complaint [doc. #1]. These facts are undisputed.[3] The instant lawsuit was plainly filed prior to the expiration of the six-month waiting period imposed by section 2675(a).[4] Plaintiff has thus failed to open the gate to waiver of sovereign immunity. Because this precondition has not been met, the United States has not waived sovereign immunity in this matter and this court does not have jurisdiction over the instant action.

Accordingly, it is RECOMMENDED that Plaintiff's claims against the United States be dismissed without prejudice.[5]

---

[3] As noted *supra*, Plaintiff has not filed an opposition to the instant motion.

[4] The record does not indicate that the Postal Service has notified Plaintiff that her claims have been denied. However, even if her administrative claim has since been denied, "that has no bearing on the jurisdictional issue." *Hinojosa v. United States Bureau of Prisons,* 506 F. App'x 280, 283 (5th Cir. 2013)

[5] While this may represent a setback to Plaintiff, this recommendation does not impact her right to file a complaint when the jurisdictional preconditions of the FTCA have been satisfied. The undersigned does not opine on other potential roadblocks to suit such as statutes of limitations.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's motion to dismiss [doc. #7], be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 4th day of December, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE